

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Civil Action No.** |
| | : | **1:13-cv-01833-AT** |
| ROBERT A. GIST and GIST, KENNEDY & ASSOCIATES, INC., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| ENCAP TECHNOLOGIES, LLC, | : | |
| | : | |
| Relief Defendant. | : | |
| | : | |

## FINAL JUDGMENT AS TO DEFENDANTS
## ROBERT A. GIST AND GIST, KENNEDY & ASSOCIATES, INC.

The Securities and Exchange Commission (the "Commission") having

filed a Complaint, and Defendants Robert A. Gist ("Gist") and Gist, Kennedy &

Associates, Inc. ("Gist Kennedy") (collectively, "Defendants") having entered

general appearances; consented to the Court's jurisdiction over Defendants and

the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates

or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving

any person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading

statement in any communication with any investor or prospective investor,

about:

(A) any investment strategy or investment in securities,

(B) the use of investor funds; or

(C) the misappropriation of investor funds or investment proceeds.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Gist and Defendant Gist's agents, servants, employees,

attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating or aiding and abetting

violations of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by,

directly or indirectly, making use of means and instruments of transportation

and communication in interstate commerce and of the mails to effect

transactions in, or induce or attempt to induce the purchase or sale of securities,
without registering with the Commission as a broker.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Defendants Robert A. Gist and Gist, Kennedy & Associates, Inc. are liable,
jointly and severally, for disgorgement of $5,400,000.00, representing profits
gained  as a result of the conduct alleged in the Complaint, together with
prejudgment interest thereon in the amount of $1,605,109.64, and a civil
penalty in the amount of $3,700,000.00 pursuant to Section 21(d)(3) of the
Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §
78u(d)(3)].  Defendants shall satisfy this obligation by paying
$ 10,705,109.64  to the Securities and Exchange Commission within 14
days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission,
which will provide detailed ACH transfer/Fedwire instructions upon request.
Payment may also be made directly from a bank account via Pay.gov through
the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may
also pay by certified check, bank cashier's check, or United States postal money
order payable to the Securities and Exchange Commission, which shall be

4

delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Robert A. Gist and Gist, Kennedy & Associates, Inc. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the

Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs.  Such a payment shall not be deemed an additional civil

penalty and shall not be deemed to change the amount of the civil penalty

imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against a Defendant by or on

behalf of one or more investors based on substantially the same facts as alleged

in the Complaint in this action.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that the Consent is incorporated herein with the same force and effect as if fully

set forth herein, and that Defendants shall comply with all of the undertakings

and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely

for purposes of exceptions to discharge set forth in Section 523 of the

Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and

admitted by Defendant Robert A. Gist, and further, any debt for disgorgement,

prejudgment interest, civil penalty or other amounts due by Defendant Gist

under this Final Judgment or any other judgment, order, consent order, decree

7

or settlement agreement entered in connection with this proceeding, is a debt for

the violation by Defendant Robert A. Gist of the federal securities laws or any

regulation or order issued under such laws, as set forth in Section 523(a)(19) of

the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the

terms of this Final Judgment.

Dated: April 30 2015, 2015

_____
UNITED STATES DISTRICT JUDGE